IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 3:22-cr-17-SLH-KAP |
| MANDI LITZINGER, | : |
| Defendant | : |

<u>Memorandum Order</u>

After the 18 U.S.C.§ 3142 hearing on July 17, 2024 on the government's request for detention at ECF no. 57 and the defendant's motion for release at ECF no. 72, I issued an order at ECF no. 74 directing an evaluation of the defendant by the Cambria County Drug and Alcohol Commission. At some point thereafter I received a general recommendation that Ms. Litzinger would benefit from inpatient treatment and I communicated to Pretrial Services that I needed something concrete. Today, I received an email forwarded to Pretrial Services from someone at the D&A Commission that advised:

> I was able to secure a 3.5 LOC bed date for Mandi Litzinger for Friday, August 16th at Pyramid-Lehigh Valley. Pyramid would be able to pick Mandi up at the Cambria County Prison and transport her to rehab. After successfully completing 3.5 inpatient treatment, usually around 28-30 days, Mandi then could begin her aftercare at Pyramid-Tradition House, which is a half way house for females only. I would need a treatment order signed by her judge releasing her into treatment. Once I receive the court order, I can make the necessary arrangements.

Because that bed date is tomorrow I would have to do any necessary order today, and I scheduled a status conference this morning to advise counsel of developments. To avoid unnecessary waste of resources from gearing up for and standing down from transportation and other expenses (for the kind of problem I mean, see the parallel example with the co-defendant in this case documented at ECF no. 18 and ECF no. 22) resulting from the short turn-around time, my purpose was to ascertain whether the government, which had already indicated that it opposed defendant's release, similarly opposed sending the defendant to an inpatient treatment program. The government confirmed that it would be appealing any order sending the defendant to Pyramid-Lehigh Valley. Under the local rules that would act as a supersedeas of my order. The government moved for and was granted any time necessary to file its written appeal.

My intent, as I indicated on July 17, was to determine whether an available treatment program would be beneficial to Ms. Litzinger and a less restrictive alternative to pretrial incarceration adequate to ensure the safety of the community. (Risk of flight has not in my opinion ever been a consideration in setting conditions of release.) Having

1

heard from the D&A Commission, my plan was to order the defendant released to the recommended inpatient program, using as a model the order at ECF no. 18. As can be seen, my planned order would not release the defendant to the community or to a halfway house without a hearing to review the results of the inpatient program.

To the extent the Court needs a formal order and appeal to put the matter before the Court for review, I find the proposal that Ms. Litzinger attend the recommended inpatient program presents a condition less restrictive than incarceration that is adequate to ensure the safety of the community. I do not approve the additional proposal of automatic release to a halfway house. I adopt as the order applicable to Ms. Litzinger the text of the October 14, 2022 order at page 3 of ECF no. 18. That order is stayed pending the Court's consideration of the government's appeal (and in practice is vacated because a new order based on available bed space will have to be drafted if the Court agrees with my assessment).

DATE: August 15, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to:

counsel of record, Pretrial Services, United States Marshal Service